IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| THOMAS P. JACQUES, | CV-14-135-BLG-SPW-CSO |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| HAAS GROUP INTERNATIONAL, INC., | |
| Defendant. | |

On December 18, 2015, Plaintiff Thomas P. Jacques ("Jacques") filed an unopposed "Motion for Leave to File Under Seal Exhibits to Response to Defendant's Motion for Summary Judgment" (*ECF No. 57*). As a basis for the motion, Jacques stated that the documents were marked as confidential pursuant to a protective order and that "[r]edaction is not feasible because Plaintiff's counsel does not know why Defendant marked the exhibits confidential." *Id. at 1*.

On December 24, 2015, the Court issued an Order affording the parties an opportunity, until January 6, 2016, to make the required showing to support sealing of the documents in question. Order (ECF No. 59). The Court noted:

> There is a strong presumption in favor of access to documents filed in a civil case. The Ninth Circuit recently explained:
>
> Historically, courts have "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (footnote omitted). "The English common law, the American constitutional system, and the concept of the consent of the governed stress the public nature of legal principles and decisions. Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir.1983) (internal quotation marks and footnote omitted). Accordingly, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana,* 447 F.3d at 1178 (internal quotation marks omitted). In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds "compelling reasons." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir.2010) (amended opinion) (internal quotation marks omitted); see also *Perez–Guerrero v. U.S. Att'y. Gen.*, 717 F.3d 1224, 1235 (11th Cir.2013).

*Id.* at 1-2 (citing Oliner v. Kontrabecki, 745 F.3d 1024, 1025-26 (9th Cir. 2014)).

Here, neither party filed a brief demonstrating the compelling reasons necessary to justify an order to seal the subject documents. The time for doing so has passed. Accordingly, IT IS ORDERED that

Jacques' Motion for Leave to File Under Seal Exhibits to Response to Defendant's Motion for Summary Judgment (*ECF No. 57*) is DENIED.

DATED this 12th day of January, 2016.

/s/ Carolyn S. Ostby<br>United States Magistrate Judge