IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAR 25 2016

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| THOMAS P. JACQUES, Plaintiff, vs. HAAS GROUP INTERNATIONAL, INC., Defendant. | CV 14-135-BLG-SPW ORDER |

Defendant Haas Group International, Inc., ("Haas") moved for summary judgment. (Doc. 45). United States Magistrate Judge Carolyn Ostby issued her Findings and Recommendation on January 25, 2016, recommending that the motion be denied and that this Court set the matter for trial. (Doc. 65). Haas timely objected to the Findings and Recommendations and is therefore entitled to de novo review of the specified findings or recommendations to which it objects. 28 U.S.C. § 636(b)(1). For reasons stated below, this Court adopts Judge Ostby's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

1

## I.     Discussion

Haas raises two objections to Judge Ostby's Findings and Recommendation. (Doc. 66). First, Haas argues that Judge Ostby incorrectly determined that a genuine issue of material fact exists to preclude summary judgment on Jacques' retaliation claim. Haas argues that Jacques has failed to provide any evidence that he was fired for filing his wage claim. Conversely, Haas argues all of the undisputed facts before the Court demonstrate that "Young (a) made the termination decision and (b) was not at all motivated by the filing of the wage claim in doing so." (*Id.* at 30). The Court finds that both of Haas' assertions are unpersuasive.

In support of his retaliation claim, Jacques pointed to evidence that he received the first negative review in his six year employment with the company on the same day he filed his wage claim; this first negative review followed on the heels of congratulations and praise for his work just a month prior; Haas paid Jacques on commission to motivate him to sell, then denied Jacques his commissions and cited his lack of motivation as a reason for firing him; and Haas penalized Jacques for engaging in activities other than sales to new customers, such as customer service, when maintaining customer service was part of his job. Haas disputes most of these facts. Those it does not dispute, like the timing of

Jacques' review and firing, are sufficient to raise a reasonable inference that Jacques' termination was in retaliation for his wage claim.

Haas' assertion that Young's declaration that Jacques' termination was not in retaliation for his wage claim ends the issue is wrong. While Haas pointed to evidence that Jacques' review resulted from his poor performance, the facts are undisputed that Jacques received the review from Young. But Jacques pointed out that Haas withheld information from Young, who was Jacques supervisor, preventing Young from adequately supervising him. While Young may not have been motivated by the wage claim, Haas supervisors' decision to withhold the fact that Jacques had not been paid his commissions from Young, may have been in retaliation for Jacques' wage claim. Such a factual dispute is for the jury.

Haas also objects to Judge Ostby's finding that summary judgment is not appropriate on Jacques' punitive damages claim. Because the question of whether Haas fired Jacques in retaliation for filing his wage claim is still in doubt, however, Judge Ostby correctly determined that genuine issues of material fact remain about whether Haas acted with actual malice. Accordingly, summary judgment on Jacques' punitive damages claim is inappropriate.

## II. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 65) are ADOPTED IN FULL.

2. Haas' Motion for Summary Judgment (Doc. 45) is DENIED.

DATED this 24th day of March, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge