IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| THOMAS P. JACQUES,<br><br>Plaintiff,<br><br>vs.<br><br>HAAS GROUP INTERNATIONAL, INC.,<br><br>Defendant. | CV 14-135-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiff Thomas Jacques' ("Jacques") Motion in Limine (Doc. 71) and Defendant Haas Group International's ("Haas") Motion in Limine (Doc. 73). For the reasons discussed below, Jacques' Motion in Limine is GRANTED in part and DENIED in part, and Haas' Motion in Limine is DENIED in part and RESERVED in part for further ruling.

I. **Facts.**

Jacques' employment was terminated on August 28, 2014. (Doc. 92 at 4). Jacques claims his employer, Haas, owes him commissions for sales of MAXCOM products made before and after his termination. Jacques' claims are based on the Wage Payment Act, for commissions earned while he was employed, and bad faith, for commissions that accrued after he was fired. Discovery in this matter closed on October 30, 2015. (Doc. 18).

1

Jacques' Request for Production No. 8, issued in March 2015, requested "all invoices, bills, and other records of payments made by customers of Haas or Wesco that purchased any MAXCOM products or services between December 10, 2007 and the current time." (Doc. 77-2). In May 2015, Haas objected to the request as over broad, but stated "Haas will begin producing documents that constitute invoices, bills or payments by customers for purchases that included MAXCOM products or services from December 10, 2007 through March, 2015 . . . Haas intends to supplement this production regularly, and promptly, as it continues to review documents." (Doc. 77-2). Haas first produced documents relating to MAXCOM sales on May 11, 2015. Haas continued to supplement that disclosure, with the last supplement occurring on December 29, 2015. (Doc. 77 at 3-4). According to Jacques, Haas did not produce any documents relating to MAXCOM sales occurring in 2014 or 2015 until its November and December 2015 supplements. (Doc. 77 at 3-5).

Jacques deposed Matthew Young ("Young"), Haas' designated representative, on October 27, 2015. Young, part way through his deposition, produced a spreadsheet that contained Haas' current MAXCOM customers, contract start and end dates, and contract total dollars. (Doc. 71-1; Doc. 72-3 at 54-57). The spreadsheet was marked as Exhibit 70. Young stated Exhibit 70 was an "admin tool" and a complete list "of the existing MAXCOM contracts." (Doc.

74 at 56). Young further stated Exhibit 70 may not be an accurate representation of the contract amount, but later said Exhibit 70 was there to give him a quick understanding of "how much we maybe make or charge revenue to an existing client, when we're looking up account information." (Doc. 74-1 at 59-60). When asked whether Exhibit 70 gives "some idea of the size of the contract," Young responded, "it may." (Doc. 74-1 at 61).

On August 31, 2016, in its supplementary response to Request for Production No. 8, Haas produced a chart, marked Exhibit 151, which gave, for each new contract involving MAXCOM entered into after October 2013, the date of the contract and the face amount of the contract. Haas created Exhibit 151 to replace Exhibit 70, which, in its words, is inaccurate.

## II. Law.

### A. Relevant Evidence.

Fed. R. Evid. 403 provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A district court's decision to admit or exclude evidence under Rule 403 is reviewed for an abuse of discretion. *Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002).

### B. Discovery Sanctions.

Fed. R. Civ. P. 37(c)(1) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In addition to or instead of Rule 37(c)(1)'s sanction, the court, on motion and after giving an opportunity to be heard, may (1) order payment of reasonable expenses, including attorney's fees, caused by the failure; (2) inform the jury of the party's failure; and (3) impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i-vi). Fed. R. Civ. P. 37(c)(1)(A-C). Rule 37(b)(2)(A) provides a non-exhaustive list of possible orders, including: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the actions, as the prevailing party claims and (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(i-ii).

The burden is on the party facing discovery sanctions to prove the discovery abuse was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1191, 1213 (9th Cir. 2008). The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## III. Discussion.

Jacques argues Exhibit 70 is probative as a reasonable estimate of MAXCOM contract prices. Jacques also requests the Court, as a sanction under Fed. R. Civ. P. 37, to prevent Haas from disputing Jacques' reasonable estimate of MAXCOM contract prices in 2014 and 2015 because Haas did not produce any documents relating to MAXCOM contracts occurring in 2014 and 2015 until after discovery closed.

Haas responds Exhibit 70 should be excluded because Young stated it was not accurate with regards to contract amounts, and it will confuse the jury. Haas requests the Court admit its Exhibit 151 in place of Exhibit 70.

### A. Exhibit 70's probative value, establishing a reasonable approximation of MAXCOM contract amounts, outweighs any prejudice caused by its alleged inaccuracies, which can be clarified on cross-examination.

Under Montana's Wrongful Discharge Act, Young has the burden to show his termination was not for good cause. Mont. Code Ann. § 39-2-904(1)(b). Under Montana's Wage Payment Act, Young has the burden to show, as a matter of just and reasonable inference, that wages have been earned but not paid. *America's Best Contractors, Inc. v. Singh*, 321 P.3d 95, 101 (Mont. 2014). To meet this burden, Young only needs to introduce an amount of "reasonable approximation." *America's Best Contractors*, 321 P.3d at 101.

5

Exhibit 70's probative value, establishing a reasonable approximation of MAXCOM contract amounts, outweighs any prejudice caused by its alleged inaccuracies, which can be clarified on cross-examination. Young testified Exhibit 70 was a complete list of current MAXCOM contracts. Exhibit 70 contains columns titled "Contract Start Date," "Contract End Date," and "Total Dollars." Although Young testified the "Total Dollars" may not be accurate, he also testified that the "Total Dollars" told him "how much we maybe make or charge revenue to an existing client, when we're looking up account information." He further testified Exhibit 70 "may" give an idea of the size of the contract. Young's testimony establishes, at the very least, that Exhibit 70 served as a reference point for MAXCOM contracts, which satisfies the "reasonable approximation" standard. Exhibit 70's alleged lack of precision is an issue Haas is free to clear up on cross-examination. Therefore, Exhibit 70 is admitted.

### B. Rule 37 Sanctions are not warranted because Jacques has not shown Haas withheld documents.

Fed. R. Civ. P. 37(c)(1) authorizes sanctions if a party fails to supplement its responses as required under Fed. R. Civ. P. 26(e), and the failure is not substantially justified. Haas claims it has produced all requested documents relating to MAXCOM sales. Haas explained it supplemented its response as it continued to review documents, which numbered in the thousands. Jacques acknowledges Haas supplemented its discovery responses multiple times. Jacques

contends some of Haas' supplements came after the close of discovery and that it is Jacques' belief Haas is still withholding documents.

Although some of Haas' supplements came after the close of discovery, the last supplement was provided almost a year prior to trial. Jacques had sufficient time to review the information and move to reopen discovery if needed. Jacques could have also moved for any legal expenses incurred by the delay. *See* Fed. R. Civ. P. 37(c)(1)(A). When counsel for Jacques was asked whether Haas latest supplement, Exhibit 151, contained information relating to MAXCOM sales not previously disclosed, Jacques' counsel responded he did not know. The Court has no evidence Haas is withholding information or failed to properly supplement its discovery responses. Sanctions under Rule 37(c) are not warranted, and Haas is free to dispute Jacques' reasonable estimates of unpaid wages.

### C. The Court reserves its ruling on the admission of Exhibit 151 for trial.

It is premature to rule on the admission of Exhibit 151 at this time. First, there has been no foundation laid for Exhibit 151. Second, Jacques indicated he may withdraw his objection to its admission.

## IV. Conclusion.

Jacques' Motion in Limine (Doc. 71) is GRANTED in part and DENIED in part. Haas' Motion in Limine (Doc. 73) is DENIED in part and RESERVED in part for further ruling.

DATED this 14th day of October, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge