

FILED

OCT 2 0 2016

Clerk, U.S. District Court
District Of Montana
Billings

THOMAS P. JACQUES,

Plaintiff,

vs.

HAAS GROUP INTERNATIONAL, INC.,

Defendant.

CV 14-135-BLG-SPW

ORDER

Plaintiff Thomas P. Jacques ("Jacques") seeks the admission of Plaintiff's Exhibit 102. (Doc. 87). Jacques filed a Wage Claim with the State of Montana against Defendant Haas Group International, Inc., ("Haas") in February 2014. (Doc. 92). In June 2014, Jacques' counsel sent Haas an offer to settle the Wage Claim. (Doc. 97). Exhibit 102 is Haas's response and counter offer to Jacques' June 2014 offer.

Federal Rule of Evidence 408 bars evidence from settlement negotiations offered to prove the validity or amount of a disputed claim. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007). Rule 408 is designed to encourage the compromise and settlement of existing disputes. *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1343 (9th Cir. 1987). Rule 408 does not bar evidence from settlement negotiations when the claim is based on a wrong

committed during the course of settlement negotiations. *See Cassino*, 817 F.2d at 1343. Likewise, Rule 408 does not bar evidence from settlement negotiations when the evidence is introduced for a purpose unrelated to the validity or amount of a disputed claim. *Rhoades*, 504 F.3d at 1161-62.

Jacques' claim for unpaid wages is an existing dispute that the jury will determine at trial. Exhibit 102 is Haas's counter offer to settle that dispute. Therefore, to the extent Jacques offers Exhibit 102 to prove the validity or amount of his Wage Claim, it is excluded by Rule 408 as evidence from settlement negotiations.

Jacques argues Rule 408 does not exclude Exhibit 102 because Exhibit 102 is evidence that his termination was retaliatory. Jacques contends Exhibit 102 establishes Haas tried to coerce Jacques into discounting the commissions he was owed, and after Jacques refused, Haas fired him. While the Court agrees that Rule 408 does not preclude Exhibit 102 being offered for that purpose, the Court holds Exhibit 102 is excluded under Rule 403.

Federal Rule of Evidence 403 provides relevant evidence may be excluded if "its probative value is substantially outweighed" by, among other things, "unfair prejudice, confusing the issues, [or] misleading the jury." Exhibit 102 is of little probative value to the retaliation claim because it does not contain a threat that Jacques would be terminated if he did not accept the offer. Nor does it contain

2

coercive language indicating anything to that effect. Exhibit 102's minimal probative value is substantially outweighed by its potential to cause prejudice, confuse the issues, and mislead the jury. First, because Exhibit 102 is a counter offer, Jacques' initial offer would have to be admitted for context. The jury would then have in front of it the parties' respective settlement offers for the Wage Claim, which has serious potential to cause the jury to resolve that claim based on the settlement offers instead of the evidence. Second, the witnesses to the communications are counsel themselves. If Exhibit 102 and Jacques' initial offer were admitted to prove or disprove the retaliation claim, counsel become necessary witnesses. Acting as counsel and witness in the same trial has serious potential to confuse the issues and violates the Local Rules of Professional Conduct. *See* D. Mont. L.R. 83.5 ("If an attorney representing any party is examined as a witness in a case and gives testimony on the merits, the attorney may not argue the merits of the case, either to the court or jury, except by permission of the court, and as limited by the court.").

IT IS HEREBY ORDERED Plaintiff's Exhibit 102 is EXCLUDED from trial.

DATED this _19th_ day of October, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

3