

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THOMAS P. JACQUES,<br><br>Plaintiff,<br><br>vs.<br><br>HAAS GROUP INTERNATIONAL, INC.,<br><br>Defendant. | CV 14-135-BLG-SPW<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER ON PUNITIVE DAMAGES |

The jury's verdict included an award of punitive damages. (Doc. 114). Pursuant to Mont. Code Ann. § 27-1-221(7)(c), the Court is required to review the jury's punitive damages award and, after consideration of the (7)(b) factors, submit findings of fact and conclusions of law stating the Court's reasons for increasing, decreasing, or affirming the jury's punitive damages award. The Court has broad discretion in deciding whether to increase, decrease, or affirm the jury's punitive damages award. *Cartwright v. Equitable Life Assurance Society*, 914 P.2d 976, 997 (Mont. 1996).

Plaintiff Thomas P. Jacques (Jacques) and Defendant Haas Group International, Inc., (Haas) submitted simultaneous briefs to the Court. (Docs. 125 and 126). After considering the (7)(b) factors and the Parties' briefs, the Court AFFIRMS the jury's punitive damages award.

1

## I. Findings of fact.

1. Haas' terminated Jacques because Jacques filed a wage claim with the State of Montana for unpaid commissions that Haas owed Jacques. The Court finds Haas's retaliatory conduct reprehensible. Mont. Code Ann. § 27-1-221(7)(b)(i).

2. Haas's treatment of Jacques did not reflect a widespread practice within the company. The Court finds Haas's conduct was not particularly extensive. Mont. Code Ann. § 27-1-221(7)(b)(ii).

3. Haas's intent was to deprive Jacques of his rightful commissions and to terminate Jacques when he asserted his claim for the commissions. Mont. Code Ann. § 27-1-221(7)(b)(iii).

4. Haas owed Jacques $48,252.50 in unpaid commissions. The Court finds the profitability of Haas's conduct was relatively small. Mont. Code Ann. § 27-1-221(7)(b)(iv).

5. The jury awarded Jacques $725,358.50 in punitive damages and $598,122 in wrongful discharge damages. The damages ratio is roughly 1.2:1. Mont. Code Ann. § 27-1-221(7)(b)(v).

6. Haas did not introduce evidence of its precise net worth. The evidence at trial established Haas generated approximately $500 million in revenue in 2014, with profits between $18 million and $50 million. Mont. Code Ann. § 27-1-221(7)(b)(vi).

7. There has not been a previous award of punitive damages against Haas for its conduct. Mont. Code Ann. § 27-1-221(7)(b)(vii).

8. There is a potential misdemeanor charge against Haas for failing to pay Jacques' rightful commissions under Mont. Code Ann. § 39-3-206(1). Mont. Code Ann. § 27-1-221(7)(b)(viii).

9. The Court finds no other circumstances present that may operate to increase or decrease the punitive damages award. Mont. Code Ann. § 27-1-221(7)(b)(xi).

## II. Conclusions of law.

1. Haas had the burden of producing competent and reliable evidence at trial establishing its net worth. *Blue Ridge Homes, Inc. v. Thien*, 191 P.3d 374, 386 (Mont. 2008); *Maurer v. Clausen Distr. Co.*, 912 P.2d 195, 199 (Mont. 1996).

2. The jury's punitive damages award accomplishes the purpose of punishing Haas for wrongfully terminating Jacques. Mont. Code Ann. § 27-1-220(1).

2. Based on the above findings of fact, the jury's punitive damages award is reasonable. Mont. Code Ann. § 27-1-221(1).

## III. Order.

IT IS HEREBY ORDERED that the jury's punitive damages award is AFFIRMED. Judgment shall be filed separately.

DATED this 13th day of December, 2016.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge