IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| THOMAS P. JACQUES, | CV 14-135-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| HAAS GROUP INTERNATIONAL, INC., | |
| Defendant. | |

Before the Court is Plaintiff Thomas Jacques' Motion to Amend the Judgment (Doc. 134). For the foregoing reasons, Jacques' Motion to Amend the Judgment is DENIED.

I. **Facts**

Regarding Jacques' wage claim, the jury's verdict form contained three questions. The first question asked:

> Did Defendant Haas Group International, Inc., fail to pay compensation owed to Plaintiff Tom Jacques while he was employed?

The jury answered yes. The second question asked:

> Of the compensation that was owed to Jacques while he was employed, what amount, if any still has not been paid by Haas?

The jury answered $48,252.50. The third question asked:

1

> What percentage penalty should Haas pay on the amounts that it did not timely pay to Jacques?

The jury answered 110%.

## II. Discussion

On December 14, 2016 this Court entered an Order that judgment upon the jury verdicts be entered by the Clerk of Court in favor of Plaintiff Thomas P. Jacques. Doc. 128. As part of that order, the Court directed that judgment in favor of Plaintiff Jacques be entered awarding him $101,330.25 in unpaid commissions and penalties under the Wage Payment Act. *Id.* While the Order did not explain the calculation resulting in the $101,330.25 award, this amount was calculated by adding the unpaid wage amount calculated by the jury ($48,252.50) to the penalty amount ($48,242.50 x 110% = $53,077.75). The Clerk of Court entered judgment on that same date, pursuant to the Order. Doc. 129.

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order. *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carrol*, 342 F.3d at 945. A motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carrol*, 342 F.3d at 945.

2

Jacques argues the jury's penalty of 110% applies to commission amounts previously paid by Haas, in August and September 2014, which, in Jacques' view, were untimely. The Court disagrees. The stipulated verdict form did not ask the jury to determine whether the amounts previously paid by Haas were untimely, and if so, whether an additional 55% penalty on those commission amounts should be paid by Haas. (Haas voluntarily paid a 55% penalty on the commission amounts it paid to Jacques in August and September 2014.) The Court cannot assess the 110% penalty on the amounts previously paid by Haas without a stipulated fact or a finding by the jury that the amounts previously paid were untimely and an additional 55% penalty should be paid by Haas on those amounts. Therefore, the judgment contains no clear error or other reason justifying an amendment. *Carrol*, 342 F.3d at 945.

## III. Conclusion

Jacques' Motion to Amend the Judgment (Doc. 134) is DENIED.

DATED this 22nd day of February, 2017.

SUSAN P. WATTERS
United States District Judge