IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



THOMAS P. JACQUES,

Plaintiff,

vs.

HAAS GROUP INTERNATIONAL, INC.,

Defendant.

CV 14-135-BLG-SPW

ORDER

Before the Court is Plaintiff Thomas Jacques' Motion for Attorney's Fees and Costs (Doc. 131). For the foregoing reasons, the Courts GRANTS Jacques' Motion for Attorney's Fees and Costs. Jacques is entitled to $40,532.10 in attorney's fees and $37,119.11 in costs, in addition to his taxable costs of $17,784.09.

I. Facts

In February 2014, Jacques filed a wage claim in an administrative proceeding against his employer, Haas Group International, Inc. (Haas). Jacques hired Thomas Singer to represent him in his wage claim. The two entered a fee agreement that provided an hourly rate of $250 for Singer's services. (Doc. 133 at 2). Haas terminated Jacques in August 2014. (Doc. 91 at 4). Jacques wage claim with Haas was still unresolved. Singer and Jacques determined Jacques's best

1

course of action was to pursue the wage claim and a wrongful termination claim in district court. (Doc. 133 at 2). Singer and Jacques entered a new fee agreement wherein Jacques agreed to pay Singer on a contingency fee basis. (Doc. 148-1 at 1). The agreement provided Singer's firm, Axilon Law Group ("Axilon"), would receive 40% of all amounts recovered as a result of any judgment entered after trial. (Doc. 148-1 at 2). The agreement also provided Axilon would refund the payments previously made by Jacques under the prior agreement. (Doc. 148-1 at 1). Jacques was required to cover all costs. (Doc. 148-1 at 2).

Jacques' claims were tried by a jury in October 2016. (Doc. 128). The jury returned a verdict and special verdict in Jacques' favor, awarding $101,330.25 in unpaid wages, $598,122.00 in wrongful discharge damages, and $725,358.50 in punitive damages. (Doc. 129).

## II. Law

A motion for attorney's fees must state the statute, rule, or other grounds entitling the movant to the award. F. R. Civ. P. 54(d)(2)(B)(ii). Montana's Wage Protection Act provides: "a judgment for the plaintiff in a proceeding pursuant to this part must include all costs reasonably incurred in connection with the proceeding, including attorney fees." Mont. Code Ann. § 39-3-214(2).

In a lawsuit involving multiple claims or multiple theories, an award of attorney's fees must be based on the time spent by the prevailing party's attorney

2

on the claim or theory under which attorney's fees are allowable. *Northwestern Nat. Bank of Great Falls v. Weaver-Maxwell, Inc.*, 729 P.2d 1258, 1264-1265 (Mont. 1986). However, an attorney may be entitled to an entire fee where it is impossible to segregate the attorney's time between claims entitling the party to attorney's fees and other claims. *Blue Ridge Homes, Inc. v. Thein*, 191 P.3d 374, 388 (Mont. 2008). The purpose of awarding attorney's fees to an employee who obtains a judgment in a wage claim is to make the employee whole. *Kuhr v. City of Billings*, 168 P.3d 615, 626 (Mont. 2007).

## III. Discussion

Jacques argues he is entitled to the entire fee because, although only his wage claim provides an avenue for attorney's fees, his wage claim and wrongful discharge claim are so intertwined that it is impossible to segregate his attorney's time between the two.

While the Court agrees the two claims are intertwined, it is not "impossible" to separate the two as required for an entire fee under *Blue Ridge*. The contingency fee agreement provides a simple method of separating the two for purposes of attorney's fees calculation. The contingency fee agreement provided Axilon is entitled to 40% of the judgment after trial. The jury awarded $101,330.25 for Jacques' wage claim. Therefore, under *Kuhr*, 40% of the jury's

3

wage claim award—$40,532.10—will make Jacques whole for purposes of that claim.

However, the contingency fee agreement provides no solution for separating Jacques' costs incurred in bringing the intertwined claims. Under the agreement, Jacques was required to cover all costs. Therefore, because it is "impossible" to segregate the costs Jacques incurred in bringing his claims, he is entitled to recover the entire costs.

## IV. Conclusion

For the foregoing reasons, Jacques' Motion for Attorney's Fees and Costs (Doc. 131) is GRANTED. Jacques is entitled to $40,532.10 in attorney's fees and $37,119.11 in costs in addition to his taxable costs of $17,784.09.

DATED this 22nd day of February, 2017.

SUSAN P. WATTERS
United States District Judge